August 23, 2015

Office of the Clerk
U.S. Court of Appeals
For the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, Virginia 23219

    RE: Notice to the Clerk.

Dear Clerk of Court:

    I am contacting your office to inform you that because of this institution being on lock-down, I am unable to copy these documents. I would like to ask if possible could you please send back a copy of these documents, If not, I request that they be filed as is.

    Thank you for your time and consideration.

                    Sincerely Yours,

                    C. Hubbard
                    Crendell Hubbard
                    Reg. No. #11925-056

RECEIVED 2015 AUG 31 AM 10:16 U.S. COURT OF APPEALS FOURTH CIRCUIT

MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER
SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. §§ 2254 OR 2255

# United States Court of Appeals for the Fourth Circuit

| Name of Movant | Prisoner Number | Case Number (leave blank) |
|---|---|---|
| Creadell Hubbard | #11925-056 | |

**Place of Confinement:** U.S. Penitentiary Lee, P.O. Box 305, Jonesville, VA 24263

IN RE: Creadell Hubbard , MOVANT

1. Name and location of court which entered the judgment of conviction from which relief is sought:
   U.S. District Court Eastern District of North Carolina

2. Parties' Names: United States of America vs. Creadell Hubbard
3. Docket Number: 5:88-CR-40-BO-5    4. Date Filed: July 19, 1988
5. Date of judgment of conviction: December 6, 1988    6. Length of sentence: 387 Months
7. Nature of offense(s) involved (all counts): 1. Bank Robbery, 18 U.S.C. Section 2113(a)(d). 2. Possession of A Firearm during Crime of Violence, 18 U.S.C. Section 924(c). 3. Possession of Stolen Money, 18 U.S.C. Section 2113(c). 4. Conspiracy to Possess Stolen Bank Money, 18 U.S.C. Section 371.

8. What was your plea? (Check one)  [X] Not Guilty  [ ] Guilty  [ ] Nolo Contendere
9. If you pleaded not guilty, what kind of trial did you have? (Check one)  [X] Jury  [ ] Judge only
10. Did you testify at your trial? (Check one)  [ ] Yes  [X] No
11. Did you appeal from the judgment of conviction? (Check one)  [X] Yes  [ ] No
12. If you did appeal, what was the
    Name of court appealed to: U.S. Court of Appeals For the Fourth Circuit
    Parties' names on appeal: United States vs. Creadell Hubbard
    Docket number of appeal: 89-5146    Date of decision: Dec 10, 1990
    Result of appeal: Affirmed by unpublished opinion

13. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications for relief, or other motions regarding this judgment in any federal court?  [X] Yes  [ ] No

14. If you answered "Yes" to question 13, answer the following questions:

   A. FIRST PETITION, APPLICATION, OR MOTION

   (1) In what court did you file the petition, application, or motion? _U.S. District Court Eastern N.C._

   (2) What were the parties' names? _Crendell Hubbard_ vs. _United States_

   (3) What was the docket number of the case? _Civil No. 5:97-CV-320-BO_

   (4) What relief did you seek? _28 U.S.C. Section 2255 Motion to Vacate_

   (5) What grounds for relief did you state in your petition, application, or motion?
   _Movant Received Ineffective Assistance of Counsel_

   (6) Did the court hold an evidentiary hearing on your petition, application or motion?  ☐ Yes  ☒ No

   (7) What was the result?   ☐ Relief granted   ☐ Relief denied on the merits
                              ☐ Relief denied for failure to exhaust   ☒ Relief denied for procedural default

   (8) Date of court's decision: _December 9, 1997_

   B. SECOND PETITION, APPLICATION, OR MOTION

   (1) In what court did you file the petition, application, or motion? _U.S. Dist. Ct. Eastern Dist. N.C._

   (2) What were the parties' names? _Crendell Hubbard_ vs. _United States_

   (3) What was the docket number of the case? _5:14-CV-00803-BR_

   (4) What relief did you seek? _28 U.S.C. Section 2255 Motion to Vacate_

   (5) What grounds for relief did you state in your petition, application, or motion?
   1. _Movant Received Ineffective Assistance of Counsel_
   2. _Movant is no longer a Career Offender in light of Supreme Court's Ruling In Descamps v United States, 133 S. Ct. 2276 (2013)._

   (6) Did the court hold an evidentiary hearing on your petition, application or motion?  ☐ Yes  ☒ No

   (7) What was the result?   ☐ Relief granted   ☒ Relief denied on the merits
                              ☐ Relief denied for failure to exhaust   ☐ Relief denied for procedural default

   (8) Date of court's decision: _December 18, 2014_

   C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS
   For any third or subsequent petition, application, or motion, attach a separate page providing the information required in items (1) through (8) above for first and second petitions, applications, or motions.

- 2 -

D. PRIOR APPELLATE REVIEW(S)

Did you appeal the results of your petitions, applications, or motions to a federal court of appeals having jurisdiction over your case? If so, list the docket numbers and dates of final disposition for all subsequent petitions, applications, or motions filed in a federal court of appeals.

| | | | |
|---|---|---|---|
| First petition, application, or motion | ☑ Yes | Appeal No. 98-6201 | ☐ No |
| Second petition, application, or motion | ☑ Yes | Appeal No. 99-7147 | ☐ No |
| Subsequent petitions, applications or motions | ☑ Yes | Appeal No. 05-189 | ☐ No |
| Subsequent petitions, applications or motions | ☑ Yes | Appeal No. 14-301 | ☐ No |
| Subsequent petitions, applications or motions | ☑ Yes | Appeal No. 15-6071 | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. _____ | ☐ No |

If you did not appeal from the denial of relief on **any** of your prior petitions, applications, or motions, state which denials you did not appeal and explain why you did not.

15. Did you present any of the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255? (Check one)    ☒ Yes    ☐ No

16. If your answer to question 15 is "Yes," give the docket number(s) and court(s) in which such claims were raised and state the basis on which relief was denied. The District Court Ruled that I was not Sentenced as a Career Offender in the present case. Even though I may have been procedurally barred. The Claim Raised was whether in light of the Supreme Court decision in Descamps v. United States, 133 S.Ct 2276 (2013). Movant was entitled to Relitgate this Claim.

17. If your answer to question 15 is "No," why not? This Court will grant you authority to file in the district court only if you show that you could not have presented your present claims in your previous § 2254 or § 2255 application because . . .

   A. (For § 2255 motions only) the claims involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [you] guilty"; or,

   B. (For § 2254 petitions only) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [you] guilty of the offense"; or,

   (C.) (For both § 2254 and § 2255 applicants) the claims involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable."

- 3 -

I did not present the following claims in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 2255:

I did not present the claims listed above in any previous petition, application, or motion because

Before the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015) because this Claim was Foreclosed to Movant by prior Supreme Court And Fourth Circuit precedents Regarding Movant's Status As A Career Criminal Offender.

Movant prays that the United States Court of Appeals for the Fourth Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.

_Creadell Hubbard_
Movant's Signature

I declare under Penalty of Perjury that my answers to all questions in this Motion are true and correct. Executed on _23rd day of August, 2015_
[date]

_Creadell Hubbard_
Movant's Signature

## PROOF OF SERVICE

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on _8-23, 2015_ I mailed a copy of this motion and all attachments
[date]

to _James J. Kurosad, United States Attorney_ at the following address:

_U.S. Attorney's Office, Suite 800, 310 New Bern AVE. Raleigh, N.C. 27601_

_Creadell Hubbard_
Movant's Signature

**NO STAPLES, TAPE, OR BINDING PLEASE**

- 4 -

"Legal Mail"

Mr. Grendel Hubbard
Reg. No. #11935-056
U.S Penitentiary Lee County
P.O. Box 305
Jonesville, Virginia 24263

Office of the Clerk
United States Court of Appeals
For the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, Virginia 23219

INSPECTED



MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | Eastern | District | of North Carolina |
|---|---|---|---|

Name *(under which you were convicted)*: Creadell Hubbard

Docket or Case No.: 88-40-01-CR-5

Place of Confinement: United States Penitentiary - Lee County

Prisoner No.: #11925-056

UNITED STATES OF AMERICA

V.

Movant *(include name under which convicted)*: Creadell Hubbard

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for Eastern District of North Carolina

   (b) Criminal docket or case number (if you know): 88-40-01-CR-5

2. (a) Date of the judgment of conviction (if you know): December 6, 1988

   (b) Date of sentencing: April 21, 1989

3. Length of sentence: 387 Months imprisonment

4. Nature of crime (all counts): 1. Bank Robbery by use of A dangerous weapon, 18 U.S.C. Section 2113(a)(d) 2. Possession of A Firearm during Crime of violence, 18 U.S.C. 924(c) 3. Possession of Stolen Money, 18 U.S.C. Section 2113(c) 4. Conspiracy to Possess Stolen Bank Money, 18 U.S.C. Section 371.

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [✓]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [✓]

8. Did you appeal from the judgment of conviction?   Yes [✓]   No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Fourth Circuit
   (b) Docket or case number (if you know): 89-5146
   (c) Result: Affirmed by Unpublished Opinion
   (d) Date of result (if you know): December 10, 1990
   (e) Citation to the case (if you know): U.S. v. Hubbard, 1990 U.S. App. LEXIS (4th Cir. 1990)
   (f) Grounds raised: The Government lacked Sufficient Evidence to Convict. 2. Movant's Prior third-degree burglary Conviction under Kentucky Law was not Crime of violence pursuant U.S. Sentencing Guidelines Manual Section 4B1.1 in 1988. 3. Movant's trial Should have been Separated from Codefendant.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes [✓]   No [ ]
       If "Yes," answer the following:
       (1) Docket or case number (if you know): Not Known
       (2) Result: Certiorari denied
       (3) Date of result (if you know): 1991
       (4) Citation to the case (if you know): Not Known
       (5) Grounds raised: Whether A Police Officer's testimony about My Codefendant's Confession implicating me violated the Supreme Court's holdings in Bruton v. United States, 391 U.S. 123 (1968).

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [✓]   No [ ]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: U.S. District Court Eastern District North Carolina
        (2) Docket or case number (if you know): 5:97-CV-320-BO
        (3) Date of filing (if you know): April 24, 1996
        (4) Nature of the proceeding: 28 U.S.C. Section 2255 Motion to Vacate
        (5) Grounds raised: Movant was denied effective Assistance of Counsel. 2. Request to Relitigated Movant's Career Offender enhancement

In light of the Supreme Court's Ruling in <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005).

---

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐ No ☑
 (7) Result: District Court ruled that Section 2255 was procedurally barred.
 (8) Date of result (if you know): December 9, 1997

(b) If you filed any second motion, petition, or application, give the same information:
 (1) Name of court: United States District Court Eastern District of North Carolina
 (2) Docket of case number (if you know): 5:13-CR-322-1BR
 (3) Date of filing (if you know): November 10, 2014
 (4) Nature of the proceeding: 28 U.S.C. Section 2255 motion to vacate
 (5) Grounds raised: 1. Movant's guilty plea was not voluntary entered. 2. Movant was denied effective assistance of Counsel. 3. Whether in light of the Supreme Court's decision in <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013) Movant is no longer a Career Offender.

---

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐ No ☑
 (7) Result: Motion was denied December 18, 2014
 (8) Date of result (if you know): 12-18-2014

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
 (1) First petition: Yes ☑ No ☐
 (2) Second petition: Yes ☑ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

---

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** In Light of the Supreme Court's Ruling In Johnson v. United States Movant's Sentence Under USSG 4B1.1 Is UnConstitutional.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I Am Contending that in light of Johnson v. United States, 135 S.Ct. 2551 (2015), My 327 Months Sentencing enhancement for being A Career Offender is now improper because my prior predicate Conviction for third-Degree burglary, which was Amended And Reduced under Kentucky Law is not NOW A Crime of Violence within the meaning of the U.S. Sentencing Guidelines Manual section 4B1.2(a)(ii) under the 1988 Guidelines.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes [✓]     No [ ]
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes [ ]     No [✓]
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes [ ]     No [✓]
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes [ ]     No [✓]
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes [ ]     No [✓]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The Claim was not Raised because of prior precedents in the Supreme Court And Fourth Circuit which foreclosed that I was not entitled to Relief. I Am Currently Relying on the Supreme Court's _Johnson_ decision in bring this Claim.

**GROUND TWO:** Movant's Federal Sentence exceeds the Statutory Maximum Authorized By Law In light of the Supreme Court's decision in Johnson v. United States

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I Am satisfied that my Enhanced Sentence b/ the District Court to A term of 327 Months based on A prior felony conviction that at the time in 1988 was considered A Crime of violence under then-governing Fourth Circuit And Supreme Court precedents. On June 26, 2015, the Supreme Court Ruled that the Residual Clause of the Armed Career Criminal Act of 18 U.S.C. 924(e)(2)(ii) is unconstitutional vague. In light of this Ruling, my imposed Sentence of 327 Months is now A per se illegal Sentence, in Violation of the United States because it is in excess of the 25 Years Statutory Maximum For my Federal offense of Bank Robbery under 18 U.S.C. Section 2113(a)(d).

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: I raised this claim in light of the recent Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2251 (2015).

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)                                                                 Page 8

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)                                                      Page 9

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐     No ☐
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐     No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:
    Type of motion or petition: _____
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Neither ground has been raised previously. Because both grounds are based on the recent Supreme Court decision in Johnson v. United States.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☑   No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. U.S. Court of Appeal for the Fourth Circuit. Appeal No. 15-6280 Crendell Hubbard v. Christopher Zych.

1. Whether in light of the holding in United States v. Descamps, M/ 1976 conviction for third-degree burglary under Kentucky law no longer qualifies as a crime of violence.

2. Whether Petitioner may raised this claim by way of a Habeas Corpus petition under 28 U.S.C. Section 2241.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:

    _Joseph T. Knott, III, 2626 Glenwood Ave, Suite 500, Raleigh, NC. 27608_

    (b) At the arraignment and plea:

    _Same_

    (c) At the trial:

    _Same_

    (d) At sentencing:

    _Same_

    (e) On appeal:

    _Same_

    (f) In any post-conviction proceeding:

    _I proceeded Pro Se._

    (g) On appeal from any ruling against you in a post-conviction proceeding:

    _Pro Se._

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☑   No ☐

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    _U.S. District Court Eastern District of North Carolina_

    (b) Give the date the other sentence was imposed: _April 1, 2014_
    (c) Give the length of the other sentence: _18 Months_
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☑   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

_I seeks to file m/ Second 28 U.S.C. Section 2255 to Vacate Sentence under the Statute of limitation in the instant case Runs one year from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. Section 2255(f)(4). The facts supporting Movant's claim became discoverable for the purposes of challenging m/ Conviction on the date the United States Supreme Court decided Johnson v. United States - June 26, 2015._

In Addition, the Statute of limitations may also run from the date on which the Right asserted was initially Recognized by the Supreme Court, if that Right has been newly Recognized by the Supreme Court and made Retroactively Applicable to cases on Collateral Review, 28 U.S.C. Section 2255(f)(3). I am contending that the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), announces such a Right. Furthermore, I lacked a credible Section 2255 claim prior to the Supreme Court's decision in Johnson, thus I could not have timely filed unless I filed a frivolous Section 2255 Motion. The Change in the Ruling by the Supreme Court was nothing short of extraordinary and the Johnson Ruling announced a substantive Right and Change. Therefore, my Section 2255 is timely filed.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                    Page 13

Therefore, movant asks that the Court grant the following relief:
I Respectfully Request to be Resentenced in light of the Supreme Court's decision in Johnson v. United States, without the USSG 4B1.1 Career Offender enhancement.
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _August 23rd 2015_.
                                                                                                (month, date, year)

Executed (signed) on _23rd day of August, 2015_ (date)

_Crandell Hubbard_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.